UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOR VELIKANOV,<br><br>                Plaintiff(s),<br><br>vs.<br><br>UNION SECURITY INSURANCE COMPANY,<br><br>                Defendant(s). | Case No. 2:07-cv-06871-FMC-JCx<br><br>ORDER TO SHOW CAUSE RE STANDARD OF REVIEW |

       The matter is before the Court on administrative review of a denial of disability benefits by an ERISA administrator. The Court has read and considered the parties' briefs and the administrative record. The Court is inclined to review the administrative decision *de novo* because Defendant has failed to produce sufficient evidence of the plan administrator's discretionary authority.

       As a threshold matter, the Court must determine the appropriate standard of review to apply to the administrator's decision. The Supreme Court has held that a denial of benefits "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Brunch*, 489 U.S. 101, 115 (1989). As the Ninth Circuit explained, "that

means the default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999). "When a plan unambiguously gives the plan administrator discretion to determine eligibility or construe the plan's terms, a deferential abuse of discretion standard is applicable." *Burke v. Pitney Bowes, Inc. Long-Term disability Plan*, 544 F.3d 1016, 1023-24 (9th Cir. 2008) (citing *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc)).

The long-term disability plan ("Plan") at issue here does not unambiguously confer discretionary authority to the plan administrator, Assurant Employee Benefits ("Assurant"). The Plan language expressly vests discretionary authority in Fortis Benefits Insurance Company[1] ("Fortis"), predecessor of Defendant Union Security Insurance Company[2] ("USIC"). Assuming the name change was sufficient to retain its discretionary authority, Defendant failed to establish a delegation of such authority to Assurant.

Defendant baldly states that Assurant "is not a separate existing entity, but is merely a marketing name of USIC." Def. Resp. Brief, p. 2, lns. 11-12. However, nothing in the administrative record explains who "Assurant Employee Benefits" is. The footer of Assurant's letterhead contains the following language: "Products and services marketed by Assurant Employee Benefits are underwritten and/or provided by Union Security Insurance Company." *See, e.g.,* AR 142-48. Although this

---

[1]The Plan provides: "We have the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the Policy. All determinations and interpretations made by us are conclusive and binding on all parties." AR 34. "We" is defined as "Fortis Benefits Insurance Company." AR 13.

[2]The only support for Defendant's name change is a Plan amendment dated January 1, 2005 reflecting a company name change.

2

1  statement explains that Assurant markets USIC products, the nature of Assurant's
2  relationship to USIC is not evident.
3  Based on the limited evidence before it, the Court is unable to determine that
4  the Plan unambiguously gives discretionary authority either to USIC or to Assurant.
5  Although ordinarily a district court should limit its review to evidence that was
6  before the plan administrator, additional evidence is necessary to determine the
7  appropriate standard for the Court's review.
8  Accordingly, Defendant is **ORDERED TO SHOW CAUSE** why the Court
9  should not adopt a *de novo* standard of review. Defendant is ordered to submit
10 admissible evidence either supporting the allegation that Assurant is merely a
11 marketing name of USIC or supporting a delegation of discretionary authority to
12 Assurant, no later than April 13, 2009. The Court will thereafter take the matter
13 under submission.

**IT IS SO ORDERED.**

Dated: March 27, 2009.

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT